## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Kalaiah Jefferson, | | Case No: |
| PLAINTIFF, | | |
| | | |
| vs | | CV523-104 |
| | | JURY TRIAL DEMAND |
| LVNV FUNDING, LLC d/b/a | | CV523-104 |
| RESURGENT CAPITAL | | |
| SERVICES, L.P., | | |
| DEFENDANT. | | |

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2023 NOV 20  A 10: 21

CLERK
SO. DIS. OF GA.

### COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff, Kalaiah Jefferson, brings this action against the Defendant, LVNV Funding, LLC d/b/a Resurgent Capital Services, L.P., pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This action arises out of the Defendant's repeated violations of the FDCPA in their illegal efforts to collect consumer debt. The Plaintiff has never done business with the Defendant and has no contractual agreement with them. The Plaintiff had never heard of the Defendant until they attempted to collect an alleged debt from her, and she will demonstrate strict proof through exhibits of evidence that she does not owe the alleged debt in question. According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive,

and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal life, to marital instability, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. 1692(a) – (e).

2. Plaintiff brings this action to challenge the Defendant, LVNV actions with regard to attempts by the Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. LVNV acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, lawyers, representatives, and/or insurers.

## JURISDICTION AND VENUE

4. Original and supplemental jurisdiction exist pursuant to 28 U.S.C. §§ 1331, 1367.

5. The Defendant conducts business in the state of Georgia, and therefore, personal jurisdiction is established.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred in this district.

## PARTIES

7. The plaintiff is a natural person who, at all relevant times, resided in the City of Douglas, Coffee County, Georgia.

8.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.  Defendant, LVNV, is a business entity that regularly conducts business in the state of Georgia and has a place of business located at 55 Beattie Pl #110, Greenville, SC 29601.

## FACTUAL ALLEGATIONS

10. Beginning in or around January, 2023 and continuing, Plaintiff, Kalaiah Jefferson raised concerns about the fraudulent account with the Defendant on the Credit Karma (Transunion, and Equifax). However, she never received a satisfactory response beyond the statement that the accounts were verified and accurate.

11. On January 13, 2023, the Defendant issued a letter to the Plaintiff in an effort to collect the Debt, **Exhibit A**, as defined by 15 U.S.C. § 1692a(2), after the Plaintiff contested the fraudulent account on credit karma, a verified website for Equifax and Transunion.

12. The Plaintiff sent back the bottom half of the letter that was sent to her from the Defendant about disputing the debt, confirming that this was not her debt, she also marked that she would like for the Defendant to send her the name and address of the original creditor. **Exhibit B**

13. On January 18, 2023, the Plaintiff received a letter from the Defendant that was allegedly supposed to provide verification of debt. **Exhibit C**

14. Given that the Plaintiff remained confused by the purported debt verification and that she had never done business with either the Defendant or Windstream Communications, Inc., a non-party ("Original Creditor"), the Plaintiff sent a debt validation letter to both the Defendant and Original Creditor on January 23, 2023. **Exhibit D**

15. The Plaintiff received the exact identical letter on January 18, 2023, on February 06, 2023, alleging verification of the debt. **Exhibit E**

16. Plaintiff sent a Cease-and-Desist letter to the Defendant on January 18, 2023. **Exhibit F**

17. On February 17, 2023, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB"), along with a screenshot of a previous Notarized Affidavit of Fact letter sent to the Defendant prior to the CFPB complaint. **Exhibit G**

18. The Defendant responded to the CFPB complaint on March 02, 2023. **Exhibit H**

19. Furthermore, the Plaintiff did not receive the information specifically requested in the Debt validation letter sent on January 23, 2023, proving her debtor status, in the validation notice from the Defendant and requesting proof that the alleged debt actually belonged to her, that her wet ink signature was on the debt that was harming her consumer report, that she had signed a contract with the Defendant allowing them to have her nonpublic personal information along with a cease and desist to stop contacting her.

20. On April 24, 2023, the Plaintiff received the exact identical letter she received on January 18, 2023, and February 06, 2023, alleging verification of the debt. **Exhibit I**

21. The Plaintiff got a letter from the Defendant on May 09, 2023, concerning identity theft. The letter included a blank copy that she was to fill out and send back to the Defendant, which she did on May 22, 2023. **Exhibit J**

22. Regarding the false account and the identity theft notice the Plaintiff has not received a response from the Defendant since that time. The account is still shown on the Plaintiff's consumer report as of this writing.

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the defendant's acts, practices, and conduct, the Plaintiff has suffered and continues to suffer from humiliation, anger, emotional distress, frustration, and embarrassment.

25. The Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, lawyers, representatives, and/or insurers.

## *15 U.S. Code § 6802 - Obligations with respect to disclosures of personal information*

### *(a)NOTICE REQUIREMENTS*

*Except as otherwise provided in this subchapter, a financial institution may not, directly or through any affiliate, disclose to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided to the consumer a notice that complies with section 6803 of this title.*

### *(b)OPT OUT*

#### *(1)IN GENERAL*

*A financial institution may not disclose nonpublic personal information to a nonaffiliated third party unless—*

*(A)such financial institution clearly and conspicuously discloses to the consumer, in writing or in electronic form or other form permitted by the regulations prescribed under section 6804 of this title, that such information may be disclosed to such third party;*

*(B)the consumer is given the opportunity, before the time that such information is initially disclosed, to direct that such information not be disclosed to such third party; and*

*(C)the consumer is given an explanation of how the consumer can exercise that nondisclosure option.*

## *15 U.S. Code § 1640 - Civil liability*

**(a)**INDIVIDUAL OR CLASS ACTION FOR DAMAGES; AMOUNT OF AWARD; FACTORS

DETERMINING AMOUNT OF AWARD

> Except as otherwise provided in this section, any creditor who fails to
> comply with any requirement imposed under this part, including any
> requirement under section 1635 of this title, subsection (f) or (g) of
> section 1641 of this title, or part D or E of this subchapter with respect to
> any person is liable to such person in an amount equal to the sum of—
> **(1)**any actual damage sustained by such person as a result of the failure;
> **(2)**
> > **(A)**
> > > **(i)**in the case of an individual action twice the amount of any finance
> > > charge in connection with the transaction, (ii) in the case of an
> > > individual action relating to a consumer lease under part E of this
> > > subchapter, 25 per centum of the total amount of monthly payments
> > > under the lease, except that the liability under this subparagraph shall
> > > not be less than $200 nor greater than $2,000, (iii) in the case of an
> > > individual action relating to an open end consumer credit plan that is
> > > not secured by real property or a dwelling, twice the amount of any
> > > finance charge in connection with the transaction, with a minimum of
> > > $500 and a maximum of $5,000, or such higher amount as may be
> > > appropriate in the case of an established pattern or practice of such
> > > failures; [1] or (iv) in the case of an individual action relating to a credit

*transaction not under an open end credit plan that is secured by real*

*property or a dwelling, not less than $400 or greater than $4,000; or*

*together with a reasonable attorney's fee as determined by the court;*

26. LVNV acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, lawyers, representatives, and/or insurers.

## COUNT I: VIOLATION OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

27. All of the aforementioned paragraphs of this complaint are incorporated by reference by the Plaintiff as if they were written in full.

28. Defendant violated the FDCPA based on the following:

29. Defendant violated §1692e of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

30. The Defendants violated 15 U.S.C. 1692e(8), which prohibits the communication of credit information known to be false or which should be known as false, including the failure to communicate that a disputed debt is disputed.

31. The Defendant, LVNV, violated 15 U.S.C. 1692e(14), when the Defendant used a name, "Resurgent Capital Services," which was not the true name of the debt collector's business, company, or organization.

32. The Defendant violated 15 U.S.C. 1692e(10), which states that the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. LVNV used unfair and unconscionable means to collect a Debt, in violation of 15 U.S.C. § 1692f.

34. The Defendant continued collection efforts even though the Debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

35. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

36. The plaintiff is entitled to actual damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KALAIAH JEFFERSON, respectfully requests judgment be entered against Defendants, LVNV Funding, LLC d/b/a Resurgent Capital Services, L.P., for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

C. Actual damages from the Defendant for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

D. Such other and further relief may be just and proper.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

### STATE OF GEORGIA

Plaintiff, KALAIAH JEFFERSON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided has been attached to this Complaint is true and correct.
7. Except for clearly indicated redactions where appropriate, I have not entered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

**Pursuant to 28 U.S.C. § 1746(2), I, KALAIAH JEFFERSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true, and correct.**

DATE:   11/13/2023                            */s/ Kalaiah Jefferson*
                                             KALAIAH JEFFERSON
                                             PO BOX 2234
                                             Douglas, Ga 31534
                                             772-801-9417
                                             Kalaiahjefferson17@gmail.com
                                             *Pro Se Litigant*